[Crim. No. 1778. Third Dist. Oct. 22, 1941.]

THE PEOPLE, Respondent, v. GEORGE EFSTATHIOU, Appellant.

H. E. Manning and A. B. Reynolds for Appellant.

Earl Warren, Attorney General, and J. Q. Brown, Deputy Attorney General, for Respondent.

TUTTLE, J.—Appellant was found guilty of murder in the second degree, and now appeals from a judgment of conviction rendered pursuant to the verdict, and also an order denying motion for new trial.

The sole question presented is the sufficiency of the evidence to sustain the verdict.

The victim, Nick George, was the proprietor of a restaurant in the city of Vallejo. Appellant was employed there as a cook. At about the hour of 1:00 o'clock on May 21, 1941, appellant and George had an argument over the manner in which the former had prepared a steak for a customer. George complained that "the steak was too small, and people no want." Appellant replied that he did not cut the steaks, but that the day-man cut them. Finally, George told the cook that he was "fired." Within a very short time George left the restaurant by the front door. Appellant evidently saw him leave, and ran after him, passing through the building and outside. The two met a short distance down the street. There were no witnesses to the beginning of the physical encounter which ensued. Appellant testified that they exchanged blows with their fists, and that he hit George and knocked him down. A witness testified that appellant then started to cross the street, but started back and went to where George was lying, and kicked him. George died as a result of his injuries. A physician testified that the cause of death was a fracture of the skull. He also testified that the jaw of decedent was fractured.

We think the jury was fully justified in finding appellant guilty of murder in the second degree. The contention of appellant is as follows:

"What was the direct and proximate cause of the death of the deceased? If his death was occasioned by striking his head on the sidewalk, the evidence will not sustain the verdict

of murder in the second degree. While we will concede that the kicking and striking deceased after he was down was reprehensible on the part of defendant, unless injuries sustained by these acts were the direct and proximate cause of the death of deceased, defendant cannot be convicted by reason of these acts.''

In order to constitute murder in the second degree, the act need not be deliberate or premeditated. (13 Cal. Jur., sec. 11, page 594.) The crime has been defined as ''an unlawful killing, perpetrated by an act imminently dangerous to others and evincing a depraved mind, regardless of human life, without any premeditated design to effect the death of the person killed, or of any human being. . . . '' (29 C. J., sec. 105, page 1119.) The consequences which would follow a fall upon a concrete walk must have been known to appellant. Conceding that the cause of death was the contact with the walk after the blow had been struck, the jury could reasonably have found the verdict in question. There is the further fact that malice is indicated by the pursuit of the deceased by appellant. It is true that the testimony of appellant was to the effect that the deceased struck the first blow. If the jury had found that appellant was acting in self-defense, such a verdict would be upheld. But the jury were privileged to disbelieve appellant's version of the affray, and there are facts and circumstances which would sustain such a view. The chief one is that appellant *ran* out of the restaurant and sought the deceased. Such conduct is utterly inconsistent with the plea of self-defense. The jury were therefore justified in finding that the fatal assault was unlawful and without justification. The further conduct of appellant in returning to the scene of the encounter and kicking deceased while he lay prostrate, is not comportable with the conduct of a man who only seeks to defend himself.

We can find no valid reason why the judgment should be disturbed.

The judgment and order are affirmed.

Pullen, P. J., and Thompson, J., concurred.